UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANETIRONY CLERVRAIN,<br><br>Plaintiff,<br><br>v.<br><br>EDMUND J. BROWN, et al.,<br><br>Defendants. | Case No. 19-cv-01219-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; DENYING PENDING MOTIONS**<br><br>Re: Dkt. Nos. 2, 5, 8, 11, 12, 13 |

**INTRODUCTION**

Plaintiff, an inmate at Big Spring Correctional Institution in Big Springs, Texas, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.     Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Complaint**

This civil rights complaint is largely incoherent. Plaintiff is in federal custody and housed in a Texas correctional facility. Plaintiff has named as defendants former California governor Edmund J. Brown, Jr.; current California Secretary of State Alex Padilla; current California Attorney General Xavier Becerra; and former director of Immigration and Customs Enforcement ("ICE") John Sandweg. To the best of the Court's understanding, Plaintiff argues that Defendants have breached their duty to him and other first-time offenders by not legally intervening or otherwise bringing suit with respect to mass deportations and vague constitutional violations. Plaintiff also makes other vague and conclusory allegations regarding domestic terrorism, apartheid, racketeering, monopoly, and restrictions on interstate commerce. Plaintiff cites to various federal statutes, but many of the citations are to statutory provisions that define terms or set forth duties specific to certain federal agencies. None of the statutory provisions cited provide for a private right of action or require Defendants to enforce the statutes. Plaintiff cites to various "acts," none of which exist, such as the California Treatment Principal Act, the State Enforcement Contract Illegal Act, the Nationality Choice Act, and the Second Choice Act.

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*,

2

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). Plaintiff's incoherent allegations do not meet these standards. Accordingly, the complaint is DISMISSED with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (citation and internal quotation marks omitted); *see also Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (leave to amend "should be granted more liberally to *pro se* plaintiffs") (citation omitted).

In his amended complaint, Plaintiff should specifically identify what each named defendant did or did not do with regard to each separate claim. Sweeping conclusory allegations will not suffice. Plaintiff should not refer to the defendants as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claims by explaining what each involved defendant did or failed to do that caused a violation of his rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A formulaic recitation of the elements of a cause of action is insufficient to state a claim. *Twombly*, 550 U.S. at 555. The complaint need not be long. In fact, a brief and clear statement with regard to each claim listing each defendant's actions regarding that claim is preferable.

To the extent that Plaintiff seeks to bring a class action, the Court cautions that, generally speaking, *pro se* prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class, *see Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"), and class certification may be denied on that basis, *see Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that pro se prisoner cannot adequately represent class).

3

**C. Pending Motions**

Plaintiff has filed numerous motions, all of which are similarly incoherent.

Plaintiff has filed a motion titled "Motion for Indigency Financial Burdens Act," which the Court will construe as a motion for leave to proceed *in forma pauperis*. Dkt. No. 2. This motion is DENIED as moot because Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

Plaintiff has also filed a motion titled "Motion for Expanding the Nationality Choice Act" (Dkt. No. 5), a motion titled "Motion for Enforcing Choice Laws Provisions Act" (Dkt. No. 8); and a motion titled "Motion for Enacting California Financial Burdens Act" (Dkt. No. 11). The acts referred to do not exist, so these motions are DENIED.

Plaintiff has also filed a motion titled "Motion for Enacting California Deportation Act" (Dkt. No. 12), and a motion titled "Motion for Declaratory and Anti-Apartheid Act" (Dkt. No. 13). Both motions request that Congress and this Court enact new laws, specifically the California Deportation Act and the Nationality Choice Act. These motions are DENIED. The Court cannot promulgate new law. To the extent that Plaintiff is arguing that the Immigration and Nationality Act should be invalidated, all his claims should be contained in the complaint (or amended complaint).

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend to address the deficiencies identified above. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 19-01219 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

**Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff.

This order terminates Dkt. Nos. 2, 5, 8, 11, 12 and 13.

**IT IS SO ORDERED.**

Dated: 5/31/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge